UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MANDY SIZEMORE, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-356 |
| SYRA HEALTH CORPORATION, | ) |
|           Defendant. | ) |

**NOTICE OF REMOVAL OF CIVIL ACTION**

TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

Defendant, Syra Health Corporation ("Defendant" or "Syra Health"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b) and 1446, hereby removes this action from Marion Superior Court 3, Marion County, Indianapolis, Indiana ("State Court"), to the United States District Court for the Southern District of Indiana, Indianapolis Division.  This action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1331.

In support of removal, Syra Health states:

1.  On January 19, 2022, Mandy Sizemore ("Plaintiff" or "Sizemore") paid her filing fee and filed her Complaint styled *Manday [sic] Sizemore v. Syra Health Corporation*, in the State Court under Cause No. 49D03-2201-CT-001751 ("Complaint").  Pursuant to 28 U.S.C. § 1446(a) and S.D. Ind. Local Rule 81-2(a), a copy of the State Court Record (state court docket sheet, summons, pleadings, and other filings in the State Court) is attached hereto as **Exhibit A**.

2.  Pursuant to S.D. Ind. Local Rule 81-2(c), an additional copy of the operative complaint is attached hereto as **Exhibit B**.

3. On or about January 26, 2022, Syra Health was served with the Summons and Complaint via certified mail.  (*See* **Exhibit A**.)

4. No further proceedings have been had therein in State Court.

5. Syra Health files this Notice of Removal pursuant to 28 U.S.C. § 1446 because it is filed within 30 days of the date on which it was served with the Complaint.

6. Venue properly lies in this District under 28 U.S.C. §§ 1391 and 1441 as Plaintiff filed the State Court action in this District and this action arose in this judicial district.

7. As required by 28 U.S.C. § 1446(d), Syra Health will promptly provide written notice of the removal of this action to the Plaintiff and the State Court.

## REMOVAL BASIS:  FEDERAL QUESTION

8. Syra Health employed Plaintiff for approximately 4 months, terminating her employment in September 2021.  (Complaint, ¶ 24.)

9. Plaintiff's Complaint alleges wrongful termination, *i.e.*, a common claim for unlawful retaliation pursuant to *Frampton v. Cent. Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973), (Complaint, Count 1), violations of  Indiana's Wage Deduction Act (Complaint, Count 2), violations of the federal Fair Labor Standards Act ("FLSA") (Complaint, Counts 3 and 4), violations of Indiana's Minimum Wage law (Complaint, Count 5), and violations of  Indiana's Wage Claim Act (Complaint, Count 6).  Plaintiff seeks relief in the form of back wages, liquidated damages, benefits, medical expenses, emotional distress, reinstatement or one (1) year of front pay, compensatory damages, punitive damages, attorney's fees, costs and any other relief to which she claims to be entitled..  (Complaint, WHEREFORE/RELIEF REQUESTED clauses/paragraphs, at pp. 9-10.)

10. As Plaintiff brings this action and seeks remedies and damages pursuant to federal law, *i.e.*, the FLSA (Counts 3 and 4), this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331.

11. Accordingly, this is a civil action which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

12. This Court also has supplemental jurisdiction over Plaintiff's other claims, i.e., her common law claim for wrongful termination and claims based upon Indiana's Wage Deduction Act, Indiana's Minimum Wage Law and Indiana's Wage Claim Act (Counts 1, 2, 5 and 6), pursuant to 28 U.S.C. § 1367.  Supplemental jurisdiction over Plaintiff's other claims (Counts 1, 2, 5 and 6) exists here because the facts giving rise to these other claims are the same facts allegedly giving rise to Plaintiff's FLSA claims such that they form part of the same case or controversy under Article III of the United States Constitution.  (*See* Complaint, ¶¶ 7-25 (asserting the same core "FACTUAL ALLEGATIONS" for all claims) and ¶¶ 26, 31, 40, 51, 63 and 75 (incorporating by reference and restating "each and every allegation in the preceding paragraphs as though fully set forth" within the start of each and every count asserted in the Complaint).)

13. In the filing of this Notice of Removal, Syra Health does not waive and expressly reserves all objections and defenses it may have under Federal Rule of Civil Procedure 12(b) and any other rules applicable to this cause of action.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b) and 1446, Syra Health, by counsel, prays that this Court accept this Notice of Removal and that it assume jurisdiction over this action.

        Respectfully Submitted,

        *s/ Paul Sweeney*
        Michael A. Blickman, Attorney No. 2779-49
        Paul C. Sweeney, Attorney No. 20392-29
        Sloan Holladay-Crawford, Attorney No. 36238-49
        ICE MILLER, LLP
        One American Square, Suite 2900
        Indianapolis, IN 46282-0200
        Phone: (317) 236-2100
        Fax: (317) 236-2219
        Michael.Blickman@icemiller.com
        Paul.Sweeney@icemiller.com
        Sloan.Holladay-Crawford@icemiller.com

        ***Attorneys for Defendant, Syra Health Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically by operation of the Court's CM/ECF electronic filing system on the 18th day of February 2022. Notice of this filing will be sent to the following party via U.S. First-Class Mail, postage prepaid and e-mail:

        Jay Meisenhelder
        JAY MEISENHELDER EMPLOYMENT
        & CIVIL RIGHTS LEGAL SERVICES, P.C.
        650 North Girls School Road, Suite D40
        Indianapolis, IN 46214
        jaym@ecrls.com

        *s/ Paul C. Sweeney*

ICE MILLER, LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
Paul.Sweeney@icemiller.com

4890-2425-5757.3